**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CAROLYN P. BRYAN**                                                    **PLAINTIFF**

**V.**                                               CIVIL ACTION NO. ___3:20-cv-122-DPJ-FKB___

**McLARTY MBN, LLC d/b/a/
GRAY DANIELS NISSAN BRANDON,
GATEWAY ONE LENDING & FINANCE,
LLC, HERRIN-GEAR TOYOTA,
HERRIN-GEAR AUTOMOTIVE, INC.,
HERRIN-GEAR CHEVROLET CO., INC.,
HERRIN-GEAR IMPORTS, INC.,
HERRIN-GEAR INFINITI, INC.,
HERRIN-GEAR, INC.,
MARK S. LONGGREAR, and
ZACHARY LONGGREAR,**                                          **DEFENDANTS**

<u>**COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF**</u>

**JURY TRIAL DEMANDED**

**COMES NOW** Carolyn P. Bryan, by and through counsel, and file this, her Complaint against McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon, Gateway One Lending & Finance, LLC, Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc., Mark S. Longgrear, and Zachary Longgrear, and respectfully states as follows:

<u>**PARTIES**</u>

1.     Plaintiffs Carolyn P. Bryan is a resident of Rankin County, Mississippi.

2.     Defendant McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon ("Gray Daniels") is a Mississippi limited liability company in good standing located at 108 Gray Daniels Boulevard, Brandon, MS 39042. Gray Daniels can be served with process by service on its

registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS, 39232.

3.      Defendant Gateway One Lending & Finance, LLC ("Gateway One") is a Delaware limited liability company located at 175 N. Riverview Drive, Anaheim CA, 92808 and licensed to do business in the state of Mississippi. Gateway One may be served with process by service on its registered agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4.      Upon information and belief, Defendant Herrin-Gear Toyota is a fictitious name for any or all of Defendants Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., or Herrin-Gear, Inc. (collectively, the "Herrin-Gear entities"), or some other unknown entity, and is located at 6100 Interstate 55 North Frontage Road, Jackson, MS 39211. Herrin-Gear Toyota may be served with process by service on any of the Herrin-Gear entities as described below.

5.      Defendant Herrin-Gear Automotive, Inc. is a Mississippi corporation in good standing with its principal place of business located at 1685 High Street, Jackson, MS 39205. Herrin-Gear Automotive, Inc. may be served with process by service on its registered agent, Jack Herrin, at 1685 High Street, Jackson, MS 39205.

6.      Defendant Herrin-Gear Chevrolet Co., Inc. is a Mississippi corporation in good standing with its principal place of business located at 1685 High Street, Jackson, MS 39205. Herrin-Gear Chevrolet Co., Inc. may be served with process by service on its registered agent, Jack Herrin, at 1685 High Street, Jackson, MS 39205.

7.      Defendant Herrin-Gear Imports, Inc. is a Mississippi corporation in good standing with its principal place of business located at 1685 High Street, Jackson, MS 39205. Herrin-Gear

Imports, Inc. may be served with process by service on its registered agent, Jack Herrin, at 1685 High Street, Jackson, MS 39205.

8.      Defendant Herrin-Gear Infiniti, Inc. is a Mississippi corporation in good standing with its principal place of business located at 1685 High Street, Jackson, MS 39205. Herrin-Gear Infiniti, Inc. may be served with process by service on its registered agent, Jack Herrin, at 1685 High Street, Jackson, MS 39205.

9.      Defendant Herrin-Gear, Inc. is a Mississippi corporation in good standing with its principal place of business located at 6100 I-55 North, Jackson, MS 39211. Herrin-Gear, Inc. may be served with process by service on its registered agent, Jack Herrin, at 6100 I-55 North, Jackson, MS 39211.

10.     Upon information and belief, Defendant Mark S. Longgrear is a resident of the state of Mississippi whose home address is 1745 Brecon Drive, Jackson, MS 39211. Mark S. Longgrear is currently incarcerated, Register Number 20805-043, and may be served with process at FCI Oakdale I, 1507 East Whatley Road, Oakdale, LA 71463. On information and belief, Mark Longgrear is the previous owner of the vehicle that is the subject of this suit.

11.     Upon information and belief, Defendant Zachary S. Longgrear is a resident of the state of Mississippi whose home address is 115 Camden Court, Madison, MS 39110. Zachary S. Longgrear is currently incarcerated, Register Number 20809-043, and may be served with process at FPC Montgomery, Maxwell Air Force Base, Montgomery, AL 36112. On information and belief, Zachary Longgrear is the previous owner of the vehicle that is the subject of this suit.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this case involves a civil suit arising under the laws of the United States of America.

13.     This Court possesses the power to grant injunctive relief as requested herein pursuant to Rule 65 of the Federal Rules of Civil Procedure.

14.     Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, under 28 U.S.C. § 104(b)(2) and 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in Rankin County, Mississippi.

## FACTUAL BACKGROUND

**A.     Mrs. Bryan's purchase of the 2008 GMC Sierra.**

15.     On or about February 22, 2017, Plaintiff Carolyn P. Bryan visited Gray Daniels Nissan Brandon ("Gray Daniels") in Brandon, MS, in order to purchase a used vehicle.

16.     On the lot, Plaintiff met with representatives of Gray Daniels who guided her to the 2008 GMC, vehicle identification number 2GTEC19J381303840 (the "vehicle" or the "Sierra"), who offered it to Mrs. Bryan for sale.

17.     While discussing the vehicle with Mrs. Bryan, Gray Daniels representatives informed Mrs. Bryan that the vehicle's odometer read approximately 113,258 miles.

18.     Ultimately, Mrs. Bryan decided to purchase the Sierra from Gray Daniels for the total cash price of $14,953.00. Mrs. Bryan financed this amount through Defendant Gateway One, for a total financed amount of $19,590.00, including financing charges of $4,637.00. A copy of the Retail Installment Sale Contract (the "contract for sale") for the transaction is attached hereto as **Exhibit A.**

19.     As part of the contract for sale, and as required by 49 U.S.C.A. § 32705 and Miss. Code Ann. § 63-21-15, Gray Daniels executed an "Odometer Disclosure Statement" stating the mileage of the vehicle as 113,258. A true and correct copy of the Odometer Disclosure Statement is attached hereto as **Exhibit B.**

20.     The Odometer Disclosure statement executed by Gray Daniels was false.

21.     Believing the Odometer Disclosure Statement to be true, and relying on its accuracy, Mrs. Bryan completed all of the additional required documentation to purchase the vehicle, and drove off in her newly purchased 2008 GMC Sierra.

22.     Based on Gray Daniels's false representation regarding the mileage of the vehicle, a title was issued to Mrs. Bryan listing the actual mileage of the vehicle as 92035. A true and correct copy of the Application for Certificate of Title is attached hereto as **Exhibit C.**

**B.      Mrs. Bryan discovers odometer tampering**

23.     None of the Defendants informed Mrs. Bryan that she had been defrauded, at any time, even after the U.S. Department of Justice began investigating Defendants Mark and Zachary Longgrear, the previous owners of the Sierra who, upon information and belief, rolled back the odometer on the Sierra before selling it to Herrin-Gear Toyota.

24.     In March 2019, years after purchasing the Sierra, Mrs. Bryan received a letter from the U.S. Department of Justice. According to the letter, her 2008 GMC Sierra purchased from Gray Daniels had been identified as part of a federal investigation as a vehicle that had undergone odometer tampering.

25.     The letter informed Mrs. Bryan that before Gray Daniels purchased the Sierra, the vehicle was owned by Mark and/or Zachary Longgrear, who pleaded guilty to federal criminal charges for fraudulently rolling back odometers on vehicles and selling the vehicles for a profit.

26.     Later, Special Agent-in-Charge Kevin Porter of the U.S. Department of Transportation additionally informed Mrs. Bryan that the Longgrears had purchased the 2008 GMC Sierra on or about July 6, 2014, at which point the actual mileage was approximately 220,000

miles. The Longgrears then rolled the odometer back to approximately 84,289 miles and sold the 2008 GMC Sierra to Herrin-Gear Toyota on or about July 13, 2015.

27.     Agent Porter provided Mrs. Bryan with a "CarFax Report," showing that in the time period between August 16, 2008, the date the vehicle was originally purchased, and December 31, 2009—a time period of less than 17 months, the Original Owner drove the vehicle 50,599 miles. This pattern of use equates to an average use of approximately 35,700 miles driven per year. A true and correct copy of the CarFax Report is attached hereto as **Exhibit D**.

28.     Yet, the mileage was not reported again until July 14, 2014, when it was purchased by Herrin-Gear Toyota—four years and seven months *after* the last mileage reporting—with only 84,289 miles. By contrast, based on the vehicle's prior average reported use, the vehicle would have been expected to have an estimated mileage of at least 163,000 miles. In reality, the mileage of the vehicle was over 220,000.

29.     Both Herrin-Gear Toyota and Gray Daniels are familiar with CarFax reports and affirmatively advertise their use of these reports.

30.     Herrin-Gear and Gray Daniels knew or should have known that the actual mileage of the vehicle was in excess of the odometer reading as a reasonable dealership purchasing a used vehicle should have discovered that the vehicle's mileage exceeded the odometer reading.

31.     Additionally, upon information and belief, employees and/or agents of Herrin-Gear Toyota, including, but not limited to Mr. Bill Welch, actually did know of the vehicle's fraudulent odometer reading and participated in the Longgrears' roll-back scheme.

32.     In the criminal complaint against Zachary Longgrear, Agent Kevin Porter attached a copy of his sworn Affidavit for Probable Cause for a Complaint and Arrest Warrant, a true and

correct copy of which is attached hereto as **Exhibit E**. Agent Porter's Affidavit explains that the Longgrears often sold their fraudulently rolled-back vehicles to Herrin-Gear Toyota.

33.     Mr. Bill Welch, currently the "Pre-Owned Car Director" for Herrin-Gear Toyota, and/or other employees of Herrin-Gear Toyota, on information and belief, knowingly participated, cooperated, and/or conspired in the Longgrears' roll-back scheme, by purchasing vehicles he and others knew to have fraudulent odometers, by directing the Longgrears to purchase specific vehicles for the purpose of roll-back, by advising the Longgrears on how to roll-back odometers to avoid detection, and/or by participating in other fraudulent activity related to the scheme.

34.     Upon information and believe, Mr. Bill Welch has also bought and sold the Longgrears' fraudulently rolled-back vehicles through his own used car dealership entity, Welch Autoplex.

35.     To that end, upon information and belief, Herrin-Gear Toyota, through the conduct of Mr. Bill Welch and other employees of Herrin-Gear Toyota, participated, cooperated, and conspired with the Longgrears to fraudulently roll-back the odometer of the 2008 GMC Sierra purchased by Mrs. Bryan.

36.     As a result of the fraudulent actions of the Longgrears, and the reckless, negligent, and/or fraudulent actions of Herrin-Gear Toyota and Gray Daniels, the Plaintiff, Mrs. Bryan, has been significantly damaged.

### CAUSES OF ACTION

### Count I
### FRAUDULENT ODOMETER DISCLOSURE
### In violation of 49 U.S.C. § 32705 and Miss. Code Ann. § 63-21-15
**(McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon, Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc.)**

37.     The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

38.     Herrin-Gear Toyota is the alter ego or fictitious name for one or all of Defendants Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc.

39.     Upon information and belief, on July 13, 2015, Mr. Bill Welch, or a Herrin-Gear Toyota employee directed by Mr. Bill Welch, purchased the 2008 GMC Sierra from Mark Longgrear, Zachary Longgrear, or one of their entities, Southern Auto Buyers.

40.     While in Herrin-Gear Toyota's possession or the possession of one of the other Herrin-Gear entities, the vehicle underwent numerous attempts at repair. The Carfax report, **Ex. D,** reports that the vehicle was serviced at least 5 times in July 2015 before title was issued to the vehicle's Second Owner on July 30, 2015.

41.     Herrin-Gear Toyota and/or one of the other Herrin-Gear entities transferred titled to the vehicle's Second Owner by sale within the meaning of the disclosure requirements contained in 49 U.S.C. § 32705, and any of the Herrin-Gear entities is a "transferor" within the meaning of Miss. Code Ann. § 63-21-15.

42.     Upon information and belief, Herrin-Gear Toyota and/or one of the other Herrin-Gear entities recklessly, willfully, and/or fraudulently executed an Odometer Disclosure Statement by representing that the truck's mileage as a number other than the actual mileage of the vehicle.

43.     The actual mileage of the truck was unknown or was in excess of 220,000 miles.

44.     After the sale, the vehicle was again serviced by one of the Herrin-Gear entities two additional times in August 2015.

45.     Herrin-Gear knew or should have known that the 2008 GMC Sierra's odometer had been reset, altered, or that the odometer did not properly record mileage traveled based on the

average use inconsistencies demonstrated by the Carfax Report, the extensive servicing needed on the vehicle, Mr. Bill Welch's personal knowledge of the Longgrears, and their scheme.

46.     The Herrin-Gear entities intended to defraud the Plaintiff because they possessed actual and/or constructive knowledge that the mileage of the Sierra was in excess of the odometer reading.

47.     Herrin-Gear Toyota advertises that it reviews CarFax reports prior to offering vehicles for sale to buyers.

48.     Herrin-Gear Toyota knew or should have known that it disclosed a mileage for the GMC Sierra that was inconsistent with the actual mileage of the vehicle.

49.     Instead of informing the Second Owner of the mileage discrepancy, Herrin-Gear Toyota and the other Herrin-Gear entities failed to use reasonable care and/or acted with reckless disregard in failing to determine if the odometer reading was correct.

50.     Upon information and belief, Bill Welch, and various other employees and officers of the Herrin-Gear entities, have been engaged in used car sales and repair for over 20 years. The Herrin-Gear entities and their experienced employees and officers knew or should have known that the condition of the vehicle was inconsistent with its displayed mileage.

51.     These conditions demonstrate reckless disregard and a failure to use reasonable care in selling the 2008 GMC to the Second Buyer, which would later be passed on to subsequent purchasers.

52.     The Plaintiff, Mrs. Bryan has suffered damages based upon the Herrin-Gear entities' unreasonable and reckless odometer disclosure as a subsequent purchaser of the vehicle.

53.     On or around January 30, 2017 Defendant Gray Daniels purchased the 2008 GMC Sierra from the Second Owner and subsequently listed the vehicle for sale.

54.     On February 22, 2017, the vehicle was purchased by Mrs. Bryan.

55.     While in the possession of Gray Daniels, the vehicle was serviced and underwent inspection and, upon information and belief, underwent repair inconsistent with a vehicle with only 113,226 miles. Instead, the condition of the vehicle was consistent with the actual mileage, roughly 250,000 miles.

56.     Gray Daniels transferred titled to Mrs. Carolyn P. Bryan by sale within the meaning of the disclosure requirements contained in 49 U.S.C. § 32705, and any of the Herrin-Gear entities is a "transferor" within the meaning of Miss. Code Ann. § 63-21-15.

57.     Gray Daniels recklessly, willfully, and/or fraudulently executed an Odometer Disclosure Statement by representing that the truck's mileage was 113,258.

58.     The actual mileage of the truck was unknown or was around or in excess of 250,000 miles.

59.     Gray Daniels knew or should have known that the 2008 GMC Sierra's odometer had been reset, altered, or that the odometer did not properly record mileage traveled based on the average use inconsistencies reflected by the Carfax Report, the extensive servicing needed on the vehicle, and the general condition of the vehicle.

60.     Gray Daniels intended to defraud the Plaintiff because they possessed actual and/or constructive knowledge that the mileage of the Sierra was in excess of the odometer reading.

61.     Gray Daniels advertises that it reviews Carfax reports prior to offering vehicles for sale to buyers.

62.     Gray Daniels knew or should have known that it disclosed a mileage for the GMC Sierra that was inconsistent with the actual mileage of the vehicle.

10

63.     Instead of informing Mrs. Bryan of the mileage inconsistencies, Gray Daniels failed to use reasonable care and/or acted with reckless disregard in failing to determine if the odometer reading was correct.

64.     The Plaintiff, Mrs. Bryan relied upon and has suffered damages based upon Gray Daniels's unreasonable and reckless odometer disclosure in her purchase of the GMC Sierra for the price of $14,698.00 and a total cost of $19,590.00.

65.     With unknown mileage or mileage in excess of 250,000 miles, the vehicle's fair market value was significantly lower than the price Mrs. Bryan paid Gray Daniels.

66.     Quite simply, Mrs. Bryan did not receive the vehicle she thought she was purchasing.

67.     Mrs. Bryan incurred actual damages as a result of her purchase of the 2008 GMC Sierra including, but not limited to 1) the difference in the value of the vehicle as sold and its market value; 2) the additional sales taxes charged based upon the increased sales price; 3) the increased finance charges as a result of an inflated amount financed; and 4) the cost of repairs to the vehicle due to the additional undisclosed mileage.

68.     Accordingly, the Plaintiff demands judgment against the Herrin-Gear entities and Gray Daniels in the amount of three times her actual damages pursuant to 49 U.S.C. § 32710, plus interest, costs, and attorney's fees, the exact amount to be determined by a jury at the trial of this cause, and all such further relief as this Court deems just and proper.

69.     Additionally, the Plaintiff demands judgment against the Herrin-Gear entities and Gray Daniels for violations of Miss. Code Ann. § 63-21-15 in the amount of her actual damages, the exact amount to be determined by a jury at the trial of this cause, plus punitive damages, interest, costs, and attorney's fees, and all such further relief as this Court deems just and proper.

11

<u>Count II</u>
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**<u>(McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon)</u>**

70.     The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

71.     Gray Daniels is a used car dealer and satisfies the definition of a "merchant with respect to goods of that kind" as set out in Miss. Code Ann. § 75-2-314.

72.     Gray Daniels entered into a contract for the sale of the 2008 GMC Sierra with Mrs. Bryan.

73.     The Sierra was not "merchantable" under Miss. Code Ann. § 75-2-314 because it was not as described by the agreement, did not conform to the promises or affirmations of fact made on the Odometer Disclosure Statement and did not conform to the quality of other similar products in the market.

74.     While Gray Daniels represented to the Morans that the mileage on the Sierra was 113,258, the actual mileage of the vehicle was unknown or around or in excess of 250,000 miles.

75.     When Mrs. Bryan discovered that the odometer on the Sierra had been fraudulently tampered with, she reached out to Gray Daniels for cure of the defect. Gray Daniels failed and refused to cure the defect.

76.     Mrs. Bryan incurred actual damages as a result of her purchase of the 2008 GMC Sierra including, but not limited to 1) the difference in the value of the vehicle as sold and its market value; 2) the additional sales taxes charged based upon the increased sales price; 3) the increased finance charges as a result of an inflated amount financed; and 4) the cost of repairs to the vehicle due to the additional undisclosed mileage.

77.     These damages were proximately and in fact caused by the defective nature of the vehicle and its mileage in extreme excess of the mileage that was represented to Mrs. Bryan

78.     Accordingly, the Plaintiff demands judgment against Gray Daniels and recision of the contract pursuant to Miss. Code Ann. § 75-2-314, and all such further relief as this Court deems just and proper.

**Count III**
**LENDER LIABILITY**
**(Gateway One Lending & Finance, LLC)**

79.     The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

80.     On or about February 22, 2017, Carolyn P. Bryan entered into a Retail Installment Sale Contract with Gray Daniels and agreed to pay a total of $14,953.00, plus a financing charge including interest, for a total amount of $19,590.00 in exchange for the 2008 GMC Sierra sold to her by Gray Daniels.

81.     Gray Daniels subsequently assigned that contract to Gateway One.

82.     Accordingly, Mrs. Bryan is now indebted to Gateway One as a result of her purchase of the 2008 GMC Sierra.

83.     To date, Mrs. Bryan has made at least $11,101.00 in payments on the vehicle to Gateway One.

84.     The contract signed by Mrs. Bryan and assigned to Gateway One contained the following so-called FTC Holder Rule clause:

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

85.     Accordingly, Mrs. Bryan is entitled to assert all claims and defenses as stated above against Gray Daniels against Gateway One.

86.     The damages Mrs. Bryan has suffered are in excess of the amount paid by her to Gateway One.

87.     The Plaintiff demands judgment against Gateway One in the amount of the payments made to Gateway One, the exact amount to be determined by a jury at the trial of this cause, plus punitive damages, interest, costs, and attorney's fees, and all such further relief as this Court deems just and proper.

<u>**Count IV**</u>
**APPLICATION FOR TEMPORARY INJUNCTION**
**(Independent Bank)**

88.     The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

89.     Mrs. Bryan hereby applies for a preliminary injunction ordering Defendant Gateway One to cease collection of monthly payments on the Plaintiff's loan for the purchase of the 2008 GMC Sierra sold to her by Gray Daniels.

90.     The purpose of a preliminary injunction is to preserve the *status quo* of the litigation's subject matter pending trial on the merits. Such purpose is achieved here.

91.     Pursuant to Rule 65 of the Federal Rules of Civil Procedure, this Court has the authority to issue injunctive relief upon a showing of the likelihood of success on the merits, irreparable injury, a balance of hardships, and the public interest.

92.     The Plaintiff is entitled to the entry of a preliminary injunction against Gateway One because there is a substantial likelihood that the Plaintiff will prevail on the merits, there is a substantial threat that irreparable harm will result to the Plaintiff if the injunction is not granted, the threatened injury to the Plaintiff outweighs any potential harm to Gateway One, and the granting of the preliminary injunction will not disserve the public interest.

93.     Mrs. Bryan will likely prevail on the merits of her claims because Gray Daniels recklessly undertook its duties to provide an accurate odometer disclosure to Mrs. Bryan and failed to take reasonable care in evaluating the condition of the vehicle and its odometer reading in violation of 49 U.S.C. § 32705 and Miss. Code Ann. § 63-21-15.

94.     In fact, the 2008 GMC Sierra purchased by Mrs. Bryan has been identified by federal investigation as the subject of odometer fraud. *Id*.

95.     Further, that investigation produced a CarFax report that demonstrates that Gray Daniels knew or should have known of the fraudulent condition of the vehicle's odometer before selling the vehicle to Mrs. Bryan.

96.     Additionally, the incorrect odometer reading is a breach of the implied warranty of merchantability, and Gray Daniels is liable to Mrs. Bryan for such breach.

97.     To date, Mrs. Bryan has paid at least $11,101.00 to Gateway One for the vehicle, making payments of $326.50 per month.

98.     The injunctive relief is necessary because Mrs. Bryan and her family will suffer imminent and irreparable harm if they do not receive protection from this Court, as Mrs. Bryan will be required to continue making monthly loan payments on a vehicle that is essentially worthless, and that is virtually unsellable due to the unknown nature of the mileage.

99.     The potential injury to Gateway One does not outweigh the harm to Mrs. Bryan because if a preliminary injunction is issued, Mrs. Bryan can simply resume payments if this matter is not decided in her favor. On the other hand, if a preliminary injunction is not granted, Mrs. Bryan be forced to continue making payments on a vehicle that is in disrepair, that is worth significantly less than the price she paid for it, and that is virtually unsellable.

100.    Further, if Mrs. Bryan is successful, these payments will be returned to her many months, if not years, down the road, well after such funds are needed to provide for Mrs. Bryan's family.

101.    Thus, injunctive relief serves to preserve the status quo until the rights of the Plaintiff can be determined.

102.    Finally, injunctive relief will not adversely affect the public interest. To the contrary, ensuring that consumers do not have to continue to pay for a product that was fraudulently sold to them is in the public interest and is the driving concern behind the relevant statutes here.

103.    Because all four elements have been met, this Court should enjoin Gateway One from collecting the $326.50 monthly loan payments that are due on the Sierra purchased by Mrs. Bryan

104.    The Court should further enjoin Gateway One from taking any action that would damage Mrs. Bryan, including, but not limited to, reporting non-payment to any credit agency.

105.    The Plaintiff asks for the Court to set the request for a preliminary injunction for hearing at the earliest possible time.

## Count V
## APPLICATION FOR PERMANENT INJUNCTION
### (Independent Bank)

106.    The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

107.    Mrs. Bryan requests that the foregoing preliminary injunction be converted into a permanent injunction after a trial on the merits.

108.    For the same reasons as articulated in Paragraphs 88 to 105 of the Complaint regarding the Plaintiff's application for Temporary Injunction, permanent injunctive relief is

appropriate here because 1) the Plaintiff will be successful on the merits of her claim, 2) there is no available remedy at law, and 3) the balance of equities favors granting such relief.

109.    Due to the language of the contract for sale signed by Gray Daniels and Mrs. Bryan, and Gateway One's assumption of that contract, Gateway One is responsible for the unlawful actions of Gray Daniels, including Gray Daniels's failure to use reasonable care in disclosing the correct mileage of the Sierra.

110.    Gray Daniels sold the vehicle to Mrs. Bryan with a disclosed mileage of 113,258 miles. In actuality, the mileage of the vehicle is unknown or around or in excess of 250,000 miles.

111.    As the CarFax Report demonstrates, at the time Gray Daniels sold the Sierra to Mrs. Bryan, Gray Daniels knew or should have known that the odometer reading was incorrect and that it had been fraudulently altered.

112.    Further, due to the condition of the vehicle, Gray Daniels knew or should have known that the actual mileage of the vehicle was much higher than reported on the odometer.

113.    The Plaintiff cannot afford to continue making loan payments on a car that is not what it was claimed to be and is virtually worthless if sold.

114.    Without an injunction, the Plaintiff and her family would be unable to continue their normal, everyday lives and would be forced to choose between making payments on the worthless Sierra, fixing the Sierra, or purchasing a new car as a means of transportation.

115.    In any case, the Plaintiff would be utterly deprived of the value she paid for her vehicle, causing hardship to her family, potentially impacting them for the rest of their lives. Economic damages could not begin to adequately compensate them for these losses.

116.    Accordingly, the balance of equities favor enjoining Gateway One from collecting further payments on the Plaintiff's loan for the Sierra. While Gateway One will not be harmed if

the Plaintiff is permitted to stop making such payments, and will have a remedy at law against Gray Daniels, the Plaintiff would be irreparably damaged and economic damages could not compensate her losses.

**Count VI**
**FRAUDULENT ODOMETER TAMPERING**
**In violation of 49 U.S.C.A. § 32703 and Miss. Code Ann. § 63-7-203**
**(Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear**
**Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear**
**Infiniti, Inc., Herrin-Gear, Inc., Mark Longgrear, and Zachary Longgrear)**

117.    The foregoing paragraphs are incorporated and re-alleged as if fully set forth herein.

118.    On or about July 6, 2015, Mark and/or Zachary Longgrear purchased the 2008 GMC Sierra, VIN 2GTEK19J781240177, from a private seller. The odometer at that time showed approximately 220,000 miles.

119.    In violation of 49 U.S.C.A. § 32703 and Miss. Code Ann. § 63-7-203, upon information and belief, at the direction or with the assistance of Bill Welch, employee of Herrin-Gear Toyota, Mark and/or Zachary Longgrear willingly, knowingly, and purposefully reset or altered, or caused to be reset or altered, the odometer on the 2008 GMC Sierra in order to reduce the number of miles indicated thereon, with the intent to defraud future purchasers of the vehicle.

120.    On or about July 13, 2017, the Longgrears sold the 2008 GMC Sierra to Herrin-Gear Toyota by way of Bill Welch or at the direction of Bill Welch as an agent of Herrin-Gear Toyota, with an odometer that indicated the mileage of the vehicle as approximately 84,289 miles.

121.    As a result, the Plaintiff has been defrauded and was required to pay a purchase price for the 2008 GMC Sierra far in excess of the vehicle's true worth.

122.    The Plaintiff incurred actual damages as a result of their purchase of the 2008 GMA Sierra including but not limited to 1) the difference in the value of the vehicle as sold and its market value; 2) the additional sales taxes charged based upon the increased sales price; 3) the increased

finance charges as a result of an inflated amount financed; and 4) the cost of repairs to the vehicle due to the additional undisclosed mileage.

123.    Accordingly, the Plaintiff demands judgment against the appropriate Herrin-Gear entities, Mark Longgrear, and Zachary Longgrear, jointly and severally, in the amount of three times her actual damages pursuant to 49 U.S.C. § 32710, plus interest, costs, and attorney's fees, the exact amount to be determined by a jury at the trial of this cause, and all such further relief as this Court deems just and proper.

124.    Additionally, the Plaintiff demands judgment against the appropriate Herrin-Gear entities, Mark Longgrear, and Zachary Longgrear, jointly and severally, for fraudulent odometer disclosure in violation of Miss. Code Ann. § 63-5-203 in the amount of her actual damages, the exact amount to be determined by a jury at the trial of this cause, plus punitive damages, interest, costs, and attorney's fees and all such further relief as this Court deems just and proper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Carolyn P. Bryan demands judgment of and from McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon, Gateway One Lending & Finance, LLC, Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc., Mark S. Longgrear, and Zachary Longgrear:

a.    Preliminary Injunction alleviating the Plaintiff's responsibility to continue making payments on the loan with Gateway One for the 2008 GMC Sierra until trial on the merits of this case;

b.    Permanent Injunction alleviating the Plaintiff's responsibility to continue making payments on the loan with Gateway One for the 2008 GMC Sierra;

c.      Treble damages pursuant to 49 U.S.C. § 32710, the exact amount to be proven at the trial of this cause, jointly and severally from McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon, Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc., Mark S. Longgrear, and Zachary Longgrear;

d.      Actual damages for violations of Miss. Code Ann. § 63-21-15, the exact amount to be shown at the trial of this cause, from McLarty MBN, LLC d/b/a Gray Daniels Nissan Brandon, Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc.;

e.      Recision of the contract pursuant to Miss. Code Ann. § 75-2-314;

f.      Actual damages for fraud for violations of Miss. Code Ann. § 63-5-203, the exact amount to be shown at the trial of this cause, jointly and severally from Herrin-Gear Toyota, Herrin-Gear Automotive, Inc., Herrin-Gear Chevrolet Co., Inc., Herrin-Gear Imports, Inc., Herrin-Gear Infiniti, Inc., Herrin-Gear, Inc., Mark S. Longgrear, and Zachary Longgrear;

g.      Actual and treble damages for Gray Daniels's reckless disregard and failure to use reasonable care from Gateway One up to and including the amounts paid by the Plaintiff to Gateway One in fulfillment of the Retail Installment Sale Contract, the exact amount to be shown at the trial of this cause;

h.      Reasonable attorney's fees incurred herein, the exact amount to be shown at the trial of this cause;

i.      Punitive damages;

20

j.      Pre- and Post-judgment interest;

k.      All costs incurred herein; and,

l.      Such other and further relief as this Court may deem just and proper.

This the 28th day of February 2020.

Respectfully submitted,


/s/Lindsay K. Roberts
Dorsey R. Carson, Jr. (MSB #10493)
Eric F. Hatten (MSB #10428)
Lindsay K. Roberts (MSB #105723)
*Attorneys for the Plaintiff*


**OF COUNSEL:**
CARSON LAW GROUP, PLLC
125 S. Congress Street, Suite 1336
Jackson, Mississippi 39201
Telephone: (601) 351-9831
Facsimile:  (601) 510-9056
Email: dcarson@thecarsonlawgroup.com
        ehatton@thecarsonlawgroup.com
        lroberts@thecarsonlawgroup.com